EDWARD G. WYCKOFF, Appellant, v. ITHACA TRUST COMPANY, Respondent.

Third Department, March 7, 1917.

Pledge — when pledgee of securities not liable for failure to collect note.

Where an owner of property pledged the same with banks to secure a loan, and simultaneously with the loan agreement entered into a further agreement to transfer to a trust company for the creation of a trust fund of $100,000, after the payment of the loan, securities to be selected with the consent and approval of the owner, and the property not needed for the trust fund to be returned to the pledgor, and the property returned included a promissory note which had become due and payable while held in pledge, but the maker of which had subsequently become insolvent, the trust company is not liable for negligence in failing to collect said note which it had never held as trustee for the owner who, while it was held in pledge, had full opportunity to know all the facts and circumstances as to the solvency of the maker but acquiesced in the surrender of said note to the trust company, and failed to take any steps to enforce the same until it was returned to him.

APPEAL by the plaintiff, Edward G. Wyckoff, from an order and interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Tompkins on the 23d day of February, 1916, sustaining a demurrer to the complaint upon the decision of the court after a trial at the Broome Special Term, and also from the final judgment entered in said clerk's office on the 15th day of March, 1916, dismissing the complaint pursuant to the interlocutory judgment.

*Miller & Stephens,* for the appellant.

*Sherman Peer* [*Charles H. Blood* of counsel], for the respondent.

WOODWARD, J.:

The cause of action attempted to be stated is based upon the alleged negligence of the defendant in failing to collect a promissory note in the sum of $4,203.93, a mere incidental matter occurring in a series of transactions involving hundreds of thousands of dollars; and it has been made necessary for the court to familiarize itself with all the contracts covering these transactions in order to determine that the plaintiff has failed to state facts which would involve the defendant in liability. The essential facts are that in 1906 the plaintiff was the owner of certain stocks and bonds and real property, and was indebted to the First National Bank of Ithaca in a considerable amount, and was desirous of borrowing an additional $50,000. To meet this situation he made an assignment of this property to three of the banks of Ithaca in consideration of the additional loan of $50,000, and the property was to be held until the indebtedness was completely paid, when, by its terms, it was to be turned over to the defendant, the Ithaca Trust Company, for the purpose of establishing a trust fund of $100,000 for the benefit of the plaintiff's wife and family, and the balance was to be returned to the plaintiff. The agreement for the creation of the trust fund, which was made simultaneously with the agreement under which the three banks made the loan of $50,000, after reciting the situation and referring to the first agreement, declares that the sum thus assigned is sufficient

for all the purposes, and "the party of the first part [the plaintiff] does hereby transfer, assign and set over unto the said party of the second part as trustee to the extent and value of one hundred thousand dollars ($100,000) the following property, to wit," here scheduling certain properties, being the same properties which were delivered to the three banks. It will be observed that this does not pretend to convey the whole of these properties but only so much as is necessary to the creation of the $100,000 trust fund, and it is further provided that the party of the second part (the defendant) shall succeed to all the rights of the said pledgees in respect to said property or so much as remains thereof after satisfying the claims of said pledgees, and shall thereupon take entire charge and control thereof, and may, with the consent and approval of the party of the first part, set apart any of the securities so remaining at a price mutually agreed upon between the parties hereto to make up said trust fund or any part thereof, and that "any proceeds therefrom in excess of one hundred thousand dollars ($100,000) shall be paid and delivered to the party of the first part."

Up to this point there is no mention of any note, the subject-matter of this litigation. There was a provision in the original agreement that the plaintiff might sell the securities involved in the pledge under certain conditions, and on or about the 25th day of May, 1907, the plaintiff entered into an agreement for the sale of 3,226 shares of the stock of the Ithaca Street Railway Company (a part of the pledged property) to one Flint. This agreement was modified on the 1st day of June, 1908, extending the time of payment and providing that the "said balance of purchase price shall be settled for by the delivery concurrently herewith of the promissory notes of the party of the second part [Flint] and L. C. Tyler, of Bangor, Me., providing for the payment of the sum of twenty-five thousand dollars ($25,000) with interest from June 1, 1908, on the 15th day of July, 1908, and for the payment of the balance with interest from June 1st, 1908, on or before the first day of June, 1909, said notes to be made payable to the Ithaca Trust Company as trustee, and (excepting one note of $4,203.93) — {the note involved in this action] — to be secured by the deposit

of the bonds of the Ithaca Street Railway Company issued as provided in said agreement of May 25, 1907," etc. We have now traveled through thirty-seven pages of the record to find the subject-matter of the litigation, and the property is still in the hands of the original pledgees, by consent of all the parties, as security for the plaintiff's existing indebtedness and for the new loan of $50,000. The note in question was by its terms payable on the 8th day of July, 1908, and the proceeds would, of course, have fallen into the fund for the payment of the underlying indebtedness; whatever its form, it in fact belonged to the three banks under the terms of the original agreement, the defendant in this action being one of the pledgees. But it seems that this note was not collected at maturity, and on the 11th day of February, 1911, nearly three years after the maturity of said note, the plaintiff and defendant entered into an agreement in which reference was made to the original pledge agreement and to the trust fund agreement, and it was recited that all of the debts secured by the original pledge agreement "have been paid either from the proceeds of the sale of some of the securities therein mentioned or otherwise, and therefore the remaining securities and the proceeds from the securities sold or paid up are now in the hands of said trustee for the purpose of fulfilling the purpose of said trust instrument," it was agreed that certain securities then in the hands of the defendant should be devoted to the trust fund under the limitations therein contained. Subsequently, and on the 20th day of July, 1911, the plaintiff and defendant, with Edith C. Wyckoff, the life beneficiary of the trust, after making the recitals as to the various agreements, entered into an agreement by which certain specified properties were to be included in the trust fund of $100,000, and it was then provided that "It is hereby understood and agreed that the remaining property now held by said Trust Company may be surrendered to the said Edward G. Wyckoff, to wit: The cash on hand, the stock of the Heights Improvement Company and the promissory notes of Messrs. Tyler and Flint, together with the collateral thereto."

The complaint alleges, and the demurrer admits, that the note which thus came into the possession of the plaintiff was

made by A. H. Flint and Company (an adopted business name of A. H. Flint) and that down to about the beginning of the year 1911 A. H. Flint was a man of considerable wealth, and was solvent and able to pay all of his debts, etc., and that at the time the note was delivered to the plaintiff, without recourse, the said A. H. Flint was insolvent and the note was uncollectible and valueless. It is also alleged that the plaintiff brought an action upon the note, resulting in a judgment, and that the execution was returned wholly unsatisfied, and it is the theory of the plaintiff that the defendant, being the payee of such note, was negligent in not enforcing it at maturity, and that it is, therefore, liable to the plaintiff for such negligence.

It is entirely clear, no matter what the particular form of the transaction, that the defendant never held the note in question as trustee for the plaintiff. The trust agreement provided that when the property surrendered to the three banks had fulfilled its mission as collateral to the loan and indebtedness it should be passed on to the Ithaca Trust Company to the extent of $100,000 for the purposes of the trust fund, but the plaintiff not only limited the conveyance to the sum of $100,000 but he reserved to himself the right to participate in the selection of the particular properties which should enter into the fund, as well as withholding an option to repossess himself of certain of these properties upon paying an agreed price therefor. Upon the final adjustment he agreed to the particular properties which should constitute the trust fund of $100,000, and these are all of the properties which can be deemed to have passed to the defendant under the original agreement. The note in question, when surrendered by the pledgees, belonged to the plaintiff; he had never conveyed that to any one, for it was not used by the pledgees, nor was it included in the sum assigned for the purposes of the trust fund. That assignment was of the sum of $100,000 to consist of property to be mutually agreed upon by the parties at the close of the pledge agreement, and, as it was not included in the fund mutually agreed upon as constituting the trust fund of $100,000, it never passed out of the equitable ownership of the plaintiff in this action; it was a part of the residue of the pledge fund

not used for the purposes of the pledge, and, therefore, belonging to the plaintiff and under his control jointly with the defendant until the trust fund was set aside, and then it became his individually, and the terms of the tri-party agreement of July 20, 1911, speak accurately of the situation, where it is provided that "the remaining property now held by said Trust Company may be surrendered to the said Edward G. Wyckoff," and this property was specifically pointed out as the "cash on hand, the stock of the Heights Improvement Company and the promissory notes of Messrs. Tyler and Flint." They did not belong to the trust company; they were merely held pending the agreement as to the constitution of the trust fund, and when this was accomplished the remainder was merely surrendered to its owner.

The note in question became due and payable during the time the property was all held in pledge, and while the plaintiff retained the right to participate in the handling of the property, with full opportunity, so far as appears, to know all of the facts and circumstances, yet he appears to have acquiesced in the surrender of the note in question to the defendant for the purposes of the trust agreement, and to have consented to the appropriation of certain specific properties to the trust fund, which was the extent of his conveyance of the residue of the pledge fund, and to receive the note from the defendant as a part of the property belonging to him. Now, when he has been unable to collect the note, he seeks to charge the defendant with a negligence which, if it in fact existed, was known to the plaintiff at the time of accepting the surrender, and which was involved in the pledge fund. Clearly the plaintiff has no right under such circumstances to charge the defendant with the neglect of any duty which it owed to him, and it is only because of the complexity of the agreements between the parties, unnecessarily intruded in the pleadings, that it has been necessary to devote any considerable time to the solution of this appeal.

The judgments and order appealed from should be affirmed, with costs.

Judgments and order unanimously affirmed, with costs.